# ARROYO v STATE OF FLORIDA

## Case No. 85-048 AC (County Court Case No. 83-211091)

Eleventh Judicial Circuit, Appellate Division, Dade County

January 28, 1987

## APPEARANCES OF COUNSEL

**Bennett H. Brummer,** Public Defender, and **Bruce A. Rosenthal,** Assistant Public Defender, for appellant.

**Jim Smith,** Attorney General, and **Calvin L. Fox,** Assistant Attorney General, for appellee.

Before SNYDER, LEVY, MASTOS, JJ.

The Opinion filed in this case on January 26, 1987, is withdrawn and the following opinion substituted.

## OPINION OF THE COURT

PER CURIAM.

The Defendant was arrested by a police officer and charged with the

offense of resisting arrest without violence in violation of § 843.02, Florida Statutes (1983). The factual basis for this charge was that the Defendant, when stopped by the police officer for a traffic violation, falsely stated that he had not been previously arrested.

The Defendant filed a sworn Motion to Dismiss alleging that the stated facts did not constitute a violation of § 843.02. The trial court denied the motion. Thereafter, the Defendant entered a plea of nolo contendere specifically reserving the the right to appeal the denial of said motion as being dispositive of the matter.

The Appellant contends that the giving of false information does not fall within the conduct proscribed by § 843.02, F.S. We agree.

Apparently, the Legislature of the State of Florida also agrees with this position as evidenced by the fact that in 1982 the Legislature enacted an additional statute entitled "Obstruction by False Information". This legislation was codified as § 843.035, Florida Statutes. Subsequently, however, § 843.035 was declared unconstitutional. Clearly, by enacting § 843.035, the Legislature was attempting to prohibit not previously regulated or addressed by Florida penal law.

Consequently, based on the foregoing, we reverse the trial court's denial of the Defendant's sworn Motion to Dismiss and remand this cause to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.